**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted January 5, 2022[*]
Decided January 12, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-2864

| | |
|---|---|
| DANA L. DANDRIDGE, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Central District of Illinois. |
| v. | No. 18-2039 |
| DENIS R. MCDONOUGH, Secretary of Veterans Affairs, *Defendant-Appellee*. | Eric I. Long, *Magistrate Judge*. |

**O R D E R**

Dana Dandridge lost at summary judgment on her claim that her employer, the Department of Veterans Affairs, fired her because of her race, retaliated against her for complaining about discrimination, and created a hostile work environment. Thirty days after judgment, Dandridge unsuccessfully moved for relief from judgment. We have

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

No. 20-2864 Page 2

limited this appeal to a review of the latter ruling. Because Dandridge fails to identify any abuse of discretion in the denial of relief from judgment, we affirm.

After Dandridge sued, the VA moved for summary judgment. It presented the facts (supported with evidence) that, it argued, showed that it treated her lawfully and fired her because of her poor job performance. The court notified Dandridge of her obligation to identify evidence that put facts in genuine dispute. Dandridge's three-page response did not address the VA's evidence or otherwise comply with the rules requiring her to identify the facts in dispute. *See* C.D. ILL. R. 7.1(D). She merely supplied a letter from a supportive colleague and asked the court to allow her to present unspecified evidence at trial. Because Dandridge did not properly dispute the facts that the VA furnished, the district court (through a magistrate judge presiding by consent) considered them undisputed and entered summary judgment for the VA.

Dandridge did not appeal within 60 days. *See* FED. R. APP. P. 4(a)(1)(B)(iii). Instead, 30 days after judgment, she asked the court to "allow for [her] to have [her] documentation properly prepared." She said that she had been unable to prepare her evidence because of "economic hardship[] and the inability to hire counsel." She filed three letters (including the one that she had previously furnished) from colleagues who supported her case, but she did not substantiate her assertions about hardship or counsel. Because Dandridge filed her motion beyond the 28 days allowed for a motion under Rule 59 of the Federal Rules of Civil Procedure, the court considered it under Rule 60(b). And, reasoning that Dandridge failed to show any ground for relief under that rule, it denied the motion. Dandridge appealed within 60 days of that decision.

Before addressing the appeal, we comment on two aspects of our limited review. First, we previously ruled in this appeal that we will review only the order denying relief from judgment: Dandridge appealed more than 60 days after the entry of judgment, and her intervening Rule 60(b) motion did not toll the time to appeal that ruling. *See* FED. R. APP. P. 4(a)(1)(B)(iii), 4(a)(4)(A)(vi). Second, Dandridge's appellate brief ignores the reasons that the district court denied her Rule 60(b) motion. We could dismiss the appeal on this basis. *See* FED. R. APP. P. 28. Nonetheless, we briefly explain why the denial of relief from judgment was not an abuse of discretion. *See Jones v. Ramos*, 12 F.4th 745, 749 (7th Cir. 2021).

Dandridge's appellate brief consists of documents that she believes support her case, but this submission is not a reason to disturb the district court's denial of her post-judgment motion. One problem is that most of these documents were never submitted

No. 20-2864 Page 3

to the district court. For that reason alone we may not consider them now. *See* FED. R. APP. P. 10(a). But Dandridge faces another obstacle. She does not state that she lacked access to any of these documents (including the three letters of support that she submitted with her post-judgment motion) when she initially opposed the VA's motion for summary judgment. Therefore, the district court reasonably declined to consider them as "newly discovered evidence." FED. R. CIV. P. 60(b)(2); *see Gleason v. Jansen*, 888 F.3d 847, 853 (7th Cir. 2018).

Furthermore, Dandridge's arguments about her hardship and inability to obtain counsel do not show that the district court's decision was an abuse of discretion. Pro se litigants must follow procedural rules, such as properly disputing facts at summary judgment. *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008). The district court notified her of her obligation to follow those rules, and Dandridge did not substantiate how "hardship" prevented her from disputing those facts. Nor did she purport to identify any error with the district court's denial of her earlier motion to recruit counsel. Therefore, she gave the district court no basis to find that a "mistake," FED R. CIV. P. 60(b)(1), or "any other reason," FED. R. CIV. P. 60(b)(6), justified relief from judgment.

AFFIRMED

CERTIFIED COPY
A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## FINAL JUDGMENT

January 12, 2022

Before

FRANK H. EASTERBROOK, *Circuit Judge*
MICHAEL Y. SCUDDER, *Circuit Judge*
AMY J. ST. EVE, *Circuit Judge*

| No. 20-2864 | DANA L. DANDRIDGE,<br>Plaintiff - Appellant<br><br>v.<br><br>DENIS R. MCDONOUGH, Secretary of Veterans Affairs,<br>Defendant - Appellee |
|---|---|
| **Originating Case Information:** ||
| District Court No: 2:18-cv-02039-EIL<br>Central District of Illinois<br>Magistrate Judge Eric I. Long ||

The judgment of the District Court is **AFFIRMED**, with costs, in accordance with the decision of this court entered on this date.

form name: **c7_FinalJudgment**   (form ID: **132**)

CERTIFIED COPY

A True Copy
Teste:

_____
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## NOTICE OF ISSUANCE OF MANDATE

March 7, 2022

To: Shig Yasunaga
UNITED STATES DISTRICT COURT
Central District of Illinois
U.S. Courthouse
Urbana, IL 61802-3369

| | |
|---|---|
| No. 20-2864 | DANA L. DANDRIDGE,<br>  Plaintiff - Appellant<br><br>v.<br><br>DENIS R. MCDONOUGH, Secretary of Veterans Affairs,<br>  Defendant - Appellee |
| **Originating Case Information:** ||
| District Court No: 2:18-cv-02039-EIL<br>Central District of Illinois<br>Magistrate Judge Eric I. Long ||

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

| RECORD ON APPEAL STATUS: | No record to be returned |
|---|---|
| | |

form name: **c7_Mandate**   (form ID: **135**)